IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERIC VEAL,<br><br>     Petitioner<br><br>  VS.<br><br>DON JARRIEL, Warden,<br><br>     Respondent | NO. 5:05-CV-53 (WDO)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner ERIC VEAL has filed a petition herein seeking federal habeas corpus relief. *See* Tab #1. Respondent DON JARRIEL, Warden of Dodge State Prison, has filed an answer-response to the petitioner's petition. Tabs #8 and #9.

Under the provisions of the AEDPA, 28 U.S.C. §2244(b)(3)(A) provides as follows:

> *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

Upon review of the petitioner's habeas corpus petition, the undersigned finds that the successive applications provision applies in the present case.

In 1998, petitioner was found guilty of three counts of aggravated assault, theft by receiving stolen property, and possession of a firearm during the commission of a crime in the Superior Court of Wilkinson County. His convictions were affirmed on direct appeal. *Veal v. State*, 242 Ga. App. 873 (2000). Thereafter, petitioner filed a habeas corpus petition in this court alleging various grounds for relief. The petitioner was denied relief *on the merits*. *Veal v. Walker*, No. 5:00-CV-461 (HL).

Petitioner then filed a *second* federal habeas corpus petition on October 25, 2004. *See Veal v. Jarriel*, No. 5:04-CV-360 (WDO). The undersigned recommended that the petition be dismissed as successive and the recommendation was adopted by the district judge. Petitioner then appealed to the 11th Circuit Court of Appeals which reversed, stating that petitioner's petition was *not* successive under the AEDPA because *Veal v. Walker*, No. 5:00-CV-461 (HL), was dismissed as *untimely* and not on the merits. Thereafter, petitioner filed the present habeas corpus petition.

Apparently, the 11th Circuit merely looked at the docket sheet in *Veal v. Walker* and did not read the actual recommendation. The District Court docket sheet in said case erroneously showed that petitioner's petition was dismised for failure to exhaust. *See Veal v. Walker*, No. 5:00-cv-461 (HL) at tab #18. Had they read the recommendation, they would have seen that petitioner's petition was, in fact, dismissed after full consideration *on the merits*, and not for lack of exhaustion, making *Veal v. Jarriel*, 5:04-cv-360 (WDO) successive.

In his current federal habeas petition, the petitioner *again* challenges his convictions on similar grounds. Because the petitioner has not sought, nor has the Eleventh Circuit authorized, the filing of a successive federal petition, the court is without jurisdiction to entertain the petitioner's current habeas corpus petition. Furthermore, the petition should not be transferred to the Eleventh Circuit and treated as a motion for authorization to proceed because the petition is untimely under the AEDPA. *See Guenther v. Holt*, 173 F.3d 1328 (11th Cir. 1999).

Accordingly, it is the RECOMMENDED that the petitioner's petition for a writ of habeas corpus be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 20th day of MAY, 2005.



                    CLAUDE W. HICKS, JR.
                    UNITED STATES MAGISTRATE JUDGE